# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| R.D. OFFUTT FARMS CO., ) | Case No. 0:24-cv-01600-JMB-LIB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WHITE EARTH DIVISION OF ) | |
| NATURAL RESOURCES, DUSTIN ) | |
| ROY, in his official capacity as ) | |
| Director of White Earth Division of ) | |
| Natural Resources, and JOHN DOES, ) | |
| in their official capacities as ) | |
| Conservation Officers for the White ) | |
| Earth Division of Natural Resources, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
## BY THE IRRIGATORS ASSOCIATION OF MINNESOTA, et al.

Pursuant to Local Rule 7.1, the Irrigators Association of Minnesota,[1] Minnesota Area II Potato Growers Council,[2] Minnesota Association of Wheat Growers,[3] Minnesota Corn Growers Association,[4] Minnesota Farm Bureau Federation,[5] Minnesota Milk Producers Association,[6] Minnesota Pork Producers Association,[7] Minnesota Soybean Growers Association,[8] Minnesota State Cattlemen's Association,[9] Minnesota Turkey

---

[1] The Irrigators Association of Minnesota is a trade association representing the interests of approximately 550 members, with offices at 24 S. Edquist St., Appleton, MN 56208.

[2] The Minnesota Area II Potato Growers Council is a trade association representing the interests of approximately 50 members, with offices at 9029 80th Ave., Clear Lake, MN 55319.

[3] The Minnesota Association of Wheat Growers is a trade association representing the interests of approximately 600 members, with offices at 2600 Wheat Drive, Red Lake Falls, MN 56750.

[4] The Minnesota Corn Growers Association is a trade association representing the interests of approximately 7,000 members, with offices at 500 E. Travelers Trail, Burnsville, MN 55337.

[5] The Minnesota Farm Bureau Federation consists of 78 county farm bureaus with over 31,000 member families who are farmers, ranchers, and others who are invested in the future of agriculture, with offices at 3080 Eagandale Place, Eagan, MN 55121.

[6] The Minnesota Milk Producers Association is a trade association representing the interests of approximately 400 dairy farmer members, with offices at P.O. Box 65, Brooten, MN 56316.

[7] The Minnesota Pork Producers Association celebrates the story and advocates to protect the interests of the state's pork producers. The organization is funded by voluntary contributions from more than 700 member-farmers and works to establish the pork industry as a responsible supplier of high-quality pork with offices at 151 St. Andrews Court, Suite 810, Mankato, MN 56001.

[8] The Minnesota Soybean Growers Association (MSGA) is the oldest state soybean association in the United States. MSGA works in St. Paul and Washington, D.C. to advance farmer friendly policy on behalf of our nearly 3,000 members and the state's 25,000 soybean farmers, with offices at 1020 Innovation Lane, Mankato, MN 56001.

[9] The Minnesota State Cattlemen's Association is a trade association representing the interests of approximately 1,000 members, with offices at P.O. Box 12, Maple Plain, MN 55359.

Growers Association,[10] and the Red River Valley Sugarbeet Growers Association[11] (hereinafter referred to collectively as "Agricultural Groups") move this Court for an Order granting leave to file a brief *amici curiae* in support of Plaintiff and in opposition to Defendant's Motion to Dismiss, which is currently pending before this Court. A copy of the proposed brief *amici curiae* that the Agricultural Groups request leave to file is attached hereto.

The Agricultural Groups collectively represent the owners of hundreds of thousands of acres of farmland as well as hundreds of thousands of livestock animals in the State of Minnesota, many of which are regulated by the federal Environmental Protection Agency (EPA), the Minnesota Department of Agriculture (MDA), the Minnesota Department of Natural Resources (DNR), the Minnesota Pollution Control Agency (MPCA), and even some local units of government. The Agricultural Groups' interest in this case is public in nature.

The broad legal issues before the Court are: 1) whether tribal governments may exert environmental regulatory control over non-tribal members who own land within the established boundary of a reservation, and 2) whether tribal governments may exert environmental regulatory control over any person owning land within an arbitrarily drawn buffer zone surrounding tribal reservation land. The Agricultural Groups support the

---

[10] The Minnesota Turkey Growers Association is a trade association representing the interests of approximately 520 members, with offices at 108 Marty Drive, Suite 1, Buffalo, MN 55313.

[11] The Red River Valley Sugarbeet Growers Association is a trade association representing the interests of approximately 2,600 members, with offices at 1401 32nd St., SW, Fargo, ND 58103.

4874-8709-8093.v1

arguments of Plaintiff and believe the answer to both questions is "no." However, the only way to definitely answer both questions is to allow the case to proceed and for the Court to deny Defendants' Motion to Dismiss.

The enactment and selective enforcement of the White Earth groundwater ordinance at issue in this case has generated a great deal of discussion and concern among the members of Minnesota's agricultural community. Farmers are concerned about the unnecessary duplication of regulation and ongoing uncertainty over the validity of the ordinance. The Agricultural Groups believe the Court would benefit from a presentation of those concerns.

The Agricultural Groups have a legitimate concern that dismissing the case and allowing the White Earth groundwater ordinance to stand will encourage other tribal governments in the State of Minnesota to adopt similar, and possibly more restrictive or broader-reaching, ordinances. As far as the Agricultural Groups are aware, the White Earth groundwater regulation ordinance is the first of its kind in Minnesota - and very likely not the last. The Agricultural Groups believe the Court should be made fully aware of these concerns as it considers ruling on Defendants' Motion to Dismiss.

Finally, the Agricultural Groups are extremely concerned that if the White Earth Nation is allowed to regulate the appropriation of groundwater used by non-tribal members (under the guise that the tribe is somehow protecting its members' rights to hunt, fish and gather) that regulation of fertilizer, agricultural chemicals, land application of animal manure, and limits on the number animal units allowed on an individual farm will be regulated next. Farmers must currently comply with a complex myriad of state and federal

rules governing the use of fertilizer and chemicals, the application of manure, and compliance with permits for farms of a certain size. The members of the Agricultural Groups believe this will lead to a duplication of regulation in these areas.

Because crop and livestock farmers across the State of Minnesota have such a significant interest in the issue of whether tribal governments may regulate their farming operations, this Court should be afforded the benefit of a presentation of the public policy consequences of granting the Defendants' Motion to Dismiss. A brief *amici curiae* would assist the Court with the broader but specific public policy concerns that reach well beyond the interests of the immediate parties to this case.

The Agricultural Groups, therefore, request an Order granting their request to file a brief *amici curiae* to respond to the public policy concerns that could arise should the Court grant the Defendants' Motion to Dismiss this case.

Respectfully submitted,

Dated:  October 8, 2024

/s/ Matthew C. Berger
Matthew C. Berger (#0387666)
mberger@gislason.com
GISLASON & HUNTER LLP
2700 South Broadway
P.O. Box 458
New Ulm, MN 56073-0458
Phone: (507) 354-3111
Fax: (507) 354-8447

***Attorneys for Proposed Amici Agricultural Groups***

4874-8709-8093.v1