UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

R.D. Offutt Farms Co.,                                File No. 24-CV-01600 (JMB/LIB)

      Plaintiff,

v.                                                                      **ORDER**

White Earth Division of Natural Resources;
Dustin Roy, *in his official capacity*; John
Does, *in their official capacities*,

      Defendants.

---

This matter is before the Court on The Irrigators Association of Minnesota, et al.'s Motion for Leave to Participate as Amici Curiae (Doc. No. 29), and United States Representatives Pete Stauber's, Michelle Fischbach's, and Brad Finstad's Motion for Leave to File a Brief of Amicus Curiae. (Doc. No. 31). Both motions are filed by third parties seeking leave to appear as amicus curiae in connection with Defendants White Earth Division of Natural Resources', Dustin Roy's, and John Does' pending Motion to Dismiss. (Doc. No. 16.)

The appearance of amicus curiae on a motion to dismiss is not typical, and neither the Federal Rules of Civil Procedure nor the Local Rules contemplate filing of amicus briefs before the District Court. The movants direct the Court to no applicable authority to justify the requested appearances. Although courts are careful not to permit interested persons and parties from undermining the rules governing intervening, joinder, and standing, district courts may grant leave to file amicus briefs if the briefs would provide

1

useful, timely, or otherwise unexamined but relevant information regarding an issue properly before the court. *See Larson v. Allina Health Sys.*, No. 17-CV-3835 (SRN/TNL), 2020 WL 583082, at *2 (D. Minn. Feb. 6, 2020) ("There is no formal rule governing the standard by which to evaluate whether to grant a motion requesting leave to file an amicus curiae brief. Rather, [the determination] is discretionary, and the court may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." (quotation omitted)). By the same logic, courts properly deny requests to permit filing of amicus briefs where the briefs in question "merely extend[] the length of the litigant's brief," or otherwise fail to provide useful assistance to the Court. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also Consumer Fin. Prot. Bureau v. TCF Nat'l Bank*, No. 17-CV-166 (RHK/DTS), 2017 WL 6187462, at *1 (D. Minn. Apr. 26, 2017) (denying motion to appear as amici where proposed brief "largely rehashes and expands upon arguments" already presented by a party); *Bishop v. Jesson*, No. 14-CV-1898 (ADM/SER), 2016 WL 8674584, at *19 (D. Minn. Feb. 12, 2016), *report and recommendation adopted*, 2016 WL 906422 (D. Minn. Mar. 9, 2016) (denying motion for leave to file amicus brief where proposed brief presented arguments "either repetitive of information and argument [already] brought to the Court's attention . . . , irrelevant in light of the current posture . . . , and/or simply unhelpful").

Here, the Court has reviewed the contents of the proposed amicus memoranda and concludes that the proposed briefs present information and arguments derivative of those already advanced by the Plaintiff and that otherwise emphasize matters of public policy that are not properly the province of this Court.

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The Irrigators Association of Minnesota, et al.'s Motion for Leave to Participate as Amici Curiae (Doc. No. 29) is DENIED; and

2. United States Representatives Pete Stauber's, Michelle Fischbach's, and Brad Finstad's Motion for Leave to File a Brief of Amicus Curiae (Doc. No. 31) is DENIED.

Dated: November 22, 2024　　　　　　　　　　　/s/ *Jeffrey M. Bryan*
　　　　　　　　　　　　　　　　　　　　　　　Judge Jeffrey M. Bryan
　　　　　　　　　　　　　　　　　　　　　　　United States District Court