UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

R.D. Offutt Farms Co.,                        File No. 24-CV-01600 (JMB/LIB)

       Plaintiff,

v.

                                                       **ORDER**

White Earth Division of Natural Resources;
Dustin Roy, i*n his official capacity as Director of White Earth Division of Natural Resources*; and John Does, *in their official capacities as Conservation Officers for the White Earth Division of Natural Resources*,

       Defendants.

---

Erin E. Westbrook, Saul Ewing LLP, Minneapolis, MN; and John F. Stoviak, *pro hac vice*, Saul Ewing LLP, Wayne, PA, for Plaintiff R.D. Offutt Farms Co.

Sara Van Norman, Van Norman Law, PLLC, Minneapolis, MN; and Cory Jay Albright, *pro hac vice*, and Jane Garrett Steadman, *pro hac vice*, Kanji & Katzen, PLLC, Seattle, WA, for Defendants White Earth Division of Natural Resources, Dustin Roy, and John Does.

---

This matter is before the Court on Defendants White Earth Division of Natural Resources', Dustin Roy's, and John Does' (collectively, Defendants') motion to dismiss Plaintiff R.D. Offutt Farm Co.'s Complaint for lack of subject matter jurisdiction. (Doc. No. 16.) For the reasons explained below, the Court grants the motion and dismisses this action.

1

## BACKGROUND

White Earth Nation (the Nation) is a federally recognized Indian tribe. *E.g.*, 89 Fed. Reg. 944, 945 (Jan. 8, 2024). The Nation exercises sovereign authority over the White Earth Reservation (the Reservation) in northwestern Minnesota. White Earth Division of Natural Resources (WEDNR) is an environmental agency of the Nation. (*See* Doc. No. 1-2 § 4.18.) R.D. Offutt Farms Co. (RDO) is an industrial potato farm that currently operates several high-capacity wells within and near the boundaries of the Reservation. (Doc. No. 1 [hereinafter "Compl."] ¶ 36; Doc. No. 1-1 at 12–13.) Since the 1980s, RDO has operated its wells in compliance with the permitting requirements of the Minnesota Department of Natural Resources (MNDNR). (Doc. No. 1-1 at 8.) Indeed, until somewhat recently, all water permits issued to non-tribal members (such as RDO) within the Reservation boundaries were solely within the province of the MNDNR, which has administered its own permitting program for decades. (Compl. at 3 (citing Minn. Stat. § 103G.255).)

In May 2023, White Earth Reservation Business Committee (WERBC), the governing body of the Nation and the Reservation, enacted the Water Protection Ordinance (Ordinance), which set forth a permitting requirement for any high-capacity wells and pumps operated on or near the Reservation. (*See* Doc. No. 27-3.) The Ordinance provided that new and existing "sources" (defined as high-capacity wells or high-capacity water pumps located on Reservation land or in the five-mile appurtenant buffer area surrounding the Reservation) would not be allowed to operate without a permit from WEDNR. (*Id.* §§ 4.3, 4.9. 5.1, 5.2.) The Ordinance granted existing sources one year from the effective

date of the Ordinance to submit permit applications to WEDNR.  (*Id.* § 5.2(a).)  WEDNR would then review the applications to see that the sources met the requirements of the Ordinance, such as the requirement that operations "shall not cause a significant reduction in the quantity of groundwater available for reasonable use by current groundwater users within 5 miles."  (*Id.* § 8.3.)

In May 2024, RDO filed this pre-enforcement action seeking a declaratory judgment that WEDNR and its officials lacked the legal authority to regulate water use on RDO lands within and near the Reservation borders.  (*See generally* Compl.)  At the time of filing, RDO had not taken any steps to comply with the permitting process set forth in the Ordinance, and WEDNR had not taken any enforcement action against RDO or any other "existing sources."  (Doc. No. 19 ¶ 43.)  However, RDO alleged that "Defendants intend to enforce the Water Ordinance against RDO on or around the [permit application deadline]—May 5, 2024."  (Compl. ¶ 16.)

The enforcement action predicted by RDO never materialized.  Instead, on June 12, 2024, approximately six weeks after RDO filed the Complaint, WERBC passed Resolution No. 57-24-30 to suspend the Ordinance's permitting requirement as to existing sources (such as RDO).  (Doc. No. 27-4 at 5.)  The Resolution explained that WERBC, in consultation with WEDNR, "has determined that further analysis of Existing Sources permitted by the Minnesota Department of Natural Resources on the White Earth Reservation . . . would be beneficial to the effective implementation of the Water Protection Ordinance" and thus resolved to suspend the Ordinance while ecological analysis was undertaken in coordination with the MNDNR.  (*Id.*)  On August 30, 2024, WERBC

3

formally amended the Ordinance (Amended Ordinance). (Doc. No. 40-1 (citing Resolution No. 57-24-30A).) The Amended Ordinance indefinitely suspended all regulations as to existing sources. (*Id.*) It also provided that WERBC would be required to provide at least one-year's notice prior to implementing any permitting requirement for existing sources, including RDO. (*Id.*)

## DISCUSSION

Defendants have moved to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that sovereign immunity bars the action and, furthermore, that the case is moot because the Ordinance is no longer in effect. For its part, RDO argues that the facts of this case merit exceptions to the sovereign immunity and mootness doctrines. The Court agrees with Defendants.

This Court must dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a factual or facial challenge to jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729–30 (8th Cir. 1990). As Defendants bring a factual challenge here, the Court may consider material outside the pleadings. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914–15 (8th Cir. 2015). In this evaluation, the plaintiff's allegations do not receive the assumption of truthfulness; the Court is rather directed to weigh the evidence so as to "satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730. The plaintiff invoking federal jurisdiction bears the burden "to prove jurisdictional facts by a preponderance of the evidence." *Moss v. United States*, 895 F.3d

1091, 1097 (8th Cir. 2018). With this standard and burden of proof in mind, the Court addresses Defendants' challenges.

I. **SOVEREIGN IMMUNITY**

The issue of tribal sovereign immunity is a "jurisdictional threshold matter." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 670 (8th Cir. 2015) (quotation omitted). Tribal governments such as that of the Nation "have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). As a result, absent clear congressional intent to the contrary, tribal sovereign immunity "is the baseline position." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 599 U.S. 382, 387 (2023) (quotation omitted). As the party invoking federal jurisdiction, RDO bears the burden to overcome Defendants' claim of sovereign immunity. *See Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

WEDNR is an agency of the Nation. (*See* Doc. No. 1-2 § 4.18.) As an arm of the Nation's tribal government, WEDNR shares in the Nation's sovereign immunity. *Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 670–71 (8th Cir. 1986) (concluding that suits against agencies of tribal governments are ordinarily barred under the doctrine of sovereign immunity). Defendants Roy and Does are also shielded by the Nation's sovereign immunity as tribal government officials sued in their official capacities. *See Stanko v. Oglala Sioux Tribe*, 916 F.3d 694, 697 (8th Cir. 2019) (affirming district court's dismissal of claims against individual tribal officers acting in their official capacities as barred by the tribe's sovereign immunity). RDO appears to agree that the

5

doctrine of sovereign immunity would ordinarily immunize Defendants from suit. (Doc. No. 26 at 36–38.) However, RDO contends that, pursuant to the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908), and under the circumstances in this case, Defendants are not immune. (Doc. No. 26 at 36.)

The *Ex parte Young* exception permits suits otherwise barred by tribal immunity when the following three conditions are met: (1) tribal officials are sued in their official capacities; [1] (2) the suit requests declaratory and/or injunctive relief; and (3) the claims are based on an ongoing violation of federal law. *Kodiak Oil & Gas (USA) Inc. v. Burr*, 932 F.3d 1125, 1132 (8th Cir. 2019) (citing *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 796 (2014)). However, when a defendant official "has neither enforced nor threatened to enforce the statute challenged as unconstitutional," the *Ex parte Young* exception does not apply. *Minn. RFL Republican Farmer Lab. Caucus v. Freeman*, 33 F.4th 985, 992 (8th Cir. 2022) (holding that the *Ex parte Young* exception did not apply, even though defendants had not disavowed the possibility of future prosecutions); *see also Okpalobi v. Foster*, 244 F.3d 405, 417 (5th Cir. 2001) ("[A]ny probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute.").

---

[1] RDO appears to contend that WEDNR, an agency of the tribal government, may also be liable under *Ex parte Young* for the actions of its officials if the actions of the tribal officials satisfy the elements of an *Ex parte Young* exception. (Doc. No. 26 at 37 (citing *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1471 (8th Cir. 1994).) Finding that the tribal officials are immune from suit, for reasons explained *infra*, the Court need not reach this question.

In this case, neither Roy nor any other WEDNR officers have ever enforced or threatened to enforce the challenged provisions of the Ordinance. Roy stated in a sworn declaration that "WEDNR has not taken steps to implement the Water Protection Ordinance" against RDO or any other existing sources, and WEDNR presently has "no intent and no ability to take any enforcement action against Existing Sources at this time." (Doc. No. 19 ¶¶ 43, 47.) RDO concedes that no officers of the Nation have ever taken any enforcement actions against it or any other existing sources.[2] (Doc. Nos. 26 at 23; 39 at 2.) Moreover, neither Roy nor any other WEDNR officers currently possess the legal authority to enforce the challenged provisions of the Ordinance. Indeed, the Amended Ordinance indefinitely strips enforcement authority from WEDNR and its officials and it requires WERBC to take additional official action, with one-year's notice, prior to WEDNR or its officials making any effort to enforce the Amended Ordinance. (*See* Doc. No. 40-1 at 3.)[3]

The Court concludes that the *Ex parte Young* exception does not apply because the record shows that the challenged Ordinance has no current effect, the defendant officials

---

[2] RDO provides no case in which a challenge to a never-enforced and currently-inoperative law met the *Ex parte Young* exception. Instead, the defendants in the cases cited were authorized to enforce the challenged ordinances. *See, e.g.*, *Chaske*, 28 F.3d at 1471 (applying *Ex parte Young* exception to defendant officials charged with enforcing an enacted, unsuspended tribal ordinance); *N. States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty.*, 991 F.2d 458, 459 (8th Cir. 1993) (challenging an ordinance the "the Tribal Council formally resolved to fully enforce").

[3] The Amended Ordinance itself does not set forth the precise procedure WERBC must follow to undue the suspension of the Ordinance, but Defendants represent that "it will require a new legislative act to do so." (Doc. No. 18 at 17.)

lack the legal ability and authority to enforce the challenged provisions, and thus neither Roy nor any of the unnamed WEDNR officials are engaged in an ongoing violation of federal law. *281 Care Committee v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (concluding that the defendant was protected by sovereign immunity where no prosecution had ever been initiated for an alleged violation of the challenged statute, prosecutors currently lacked the power to initiate such a prosecution, and prosecutors stated they had no intention of enforcing the challenged statute in the future).

Finding that the *Ex parte Young* exception does not apply, and absent argument concerning any other exception, the Court concludes that Defendants are protected from suit by the doctrine of sovereign immunity.

## II. MOOTNESS

Defendants also argue that, even if they are not immune, the Court should dismiss the Complaint for lack of a justiciable controversy, given the passage of the Amended Ordinance. Again, the Court agrees with Defendants.

In general, "if a challenged law is repealed or expires, then the case becomes moot." *Advantage Media, L.L.C. v. City of Hopkins*, 408 F. Supp. 2d 780, 794 (D. Minn. 2006). This is because "[g]overnmental entities and officials are given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *Mille Lacs Band of Ojibwe v. Cnty. of Mille Lacs, Minn.*, No. 17-CV-5155 (SRN/LIB), 2022 WL 624661, at *5 (D. Minn. Mar. 3, 2022); *see also Mille Lacs Band of Ojibwe v. Madore*, 128 F.4th 929, 940 (8th Cir. 2025) (dismissing as moot plaintiffs' challenge to County Opinion and Protocol after intervening passage of state law rendered the Opinion

and Protocol inoperative).  Challenges to repealed laws or ordinances are justiciable *only* where there is a high likelihood of reenactment, there is a history of enforcement, or both. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 661–62 (1993) (concluding that case was not moot because the city had already "repeat[ed] its allegedly wrongful conduct"). *Teague v. Cooper*, 720 F.3d 973, 977 (8th Cir. 2013) (concluding that repeal or expiration of a challenged law will moot the case unless it "is virtually certain that the repealed law will be reenacted") (quotation omitted).

No such circumstances are present here.  For one thing, Defendants have no demonstrated history of enforcement. *Cf. Ctr. for Special Needs Tr. Admin., Inc. v. Olson*, 676 F.3d 688, 697 (8th Cir. 2012) (concluding that case was not moot because "North Dakota expressly reserved the right to apply its regulations against [plaintiff] in the future," and plaintiffs had already suffered injury in the past); *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 231 n.2 (3d Cir. 2008) (concluding that case was not moot because the complaint included allegations of "a long history of unconstitutional conduct under the ordinance" and City's initial proposals to amend "gave the Court cause for concern" that the unconstitutional behavior would persist).  Further, by the plain terms of the Amended Ordinance, the suspension of the Ordinance was not time-limited or otherwise subject to any kind of automatic re-implementation. *Cf. City of L.A. v. Lyons*, 461 U.S. 95, 95 (1983) (concluding that case was not moot because the six-month partial moratorium expressly provided that it "was not permanent"); *Rothe Dev. Corp. v. Dep't of Defense*, 413 F.3d 1327, 1332–34 & n.2 (Fed. Cir. 2005) (concluding that case was not moot because the suspension of the challenged policy would automatically lapse).

9

Additionally, Defendants have not clearly signaled an intention to re-enact the offending legislation. *Cf. City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 & n.11 (1982) (concluding that case was not moot because legislators had publicly expressed their intention to re-enact the offending legislation); *Olson*, 676 F.3d at 697 (concluding that case was not moot because state expressly reserved its right to apply the challenged regulation against plaintiff in the future).

It makes little difference to this analysis that the Ordinance has been suspended rather than repealed, because a new official act by WERBC, the Nation's legislative body, pursuant to a one-year notice period, would be required to re-implement the challenged provisions of the Ordinance (or one similar to it). *E.g.*, *Coalition of Airline Pilots Ass'ns v. F.A.A.*, 370 F.3d 1184, 1191 (D.C. Cir. 2004) (dismissing claims as moot where agency had pledged to cease enforcing challenged regulation, presently lacked the legal authority to enforce the challenged regulation, and committed to issuing revised regulations subject to notice-and-comment prior to taking any future enforcement actions).

The Court concludes that the declaratory judgment claim raised in the Complaint is moot and no exception to mootness applies because the Ordinance was never enforced, the Amended Ordinance suspended the permitting requirements for existing sources, and the Amended Ordinance requires one-year's notice to reanimate the suspended provisions. Thus, even if the claim was not barred by tribal sovereign immunity, the case is not justiciable at this time.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant White Earth Division of Natural Resource et al.'s Motion to Dismiss (Doc. No. 16) is GRANTED; and

2. Plaintiff R.D. Offutt Farms Co.'s Complaint (Doc. No. 1) is dismissed WITHOUT prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 21, 2025                                   /s/ *Jeffrey M. Bryan*
                                                        Judge Jeffrey M. Bryan
                                                        United States District Court